# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ProMed Capital Venture, LLC, | Case No. 2:24-cv-00173-CDS-NJK |
| Plaintiff | |
| v. | **Order Granting Plaintiff's Emergency Motion to Remand, Denying Emergency Motion for Attorneys' Fees, and Closing Case** |
| Deerfield Beach Outpatient Surgical Center, LLC, | |
| Defendant | [ECF Nos. 5, 6] |

    This contract dispute was removed to federal court by defendant Deerfield Beach Outpatient Surgical Center, LLC (Deerfield Beach), based on diversity of citizenship under 28 U.S.C. §§ 1332 and 1446. Removal Pet., ECF No. 1. Plaintiff ProMed Capital Venture, LLC moves, on an emergency basis, to remand this action back to state court, arguing that there is not complete diversity amongst the parties and that removal was Deerfield Beach's attempt to delay the resolution of a request for injunctive relief in a pending state court action. ECF No. 5. ProMed also moves for attorneys' fees and costs. ECF No. 6. In response to the motions, Deerfield Beach agreed to remand this action, but opposed the motion for attorney's fees and costs. ECF No. 8.

    On February 6, 2024, I heard oral argument from the parties on ProMed's motion to remand and motion for attorneys' fees. ECF No. 12. After considering the parties' arguments, I granted ProMed's emergency motion to remand as unopposed and denied the emergency motion for attorneys' fees. *Id.*

I.      Legal standard

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). When a case is filed in state court between parties who are citizens of different states, and the amount in controversy is at least $75,000, the defendant may remove the case to federal court. 28 U.S.C. §§ 1332, 1441, 1446. But there is a strong presumption against removal jurisdiction, and "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). The defendant always has the burden of establishing that removal is proper. *Id.* Federal courts construe the removal statute against removal. *Id.*; *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand.").

II.     Discussion

In its petition for removal, Deerfield Beach asserted that ProMed "was and is" a citizen of the state of Nevada. ECF No. 1 at 3. It further averred that diversity of the parties is satisfied because Deerfield Beach is a citizen of the state of Florida. *Id.* However, ProMed argued that this court lacks diversity jurisdiction because it and Deerfield Beach are both citizens of Florida and thus there is not diversity between the parties. ECF No. 5 at 6–7.

Before oral argument on the matter, Deerfield Beach filed its response. ECF No. 8. After having reviewed ProMed's motion, Deerfield Beach agrees that the parties lack complete diversity to maintain subject matter jurisdiction and informed the court that it does not oppose remand of this case to state court. *Id.* Accordingly, for this reason, and the reasons stated on the record during the February 6, 2024 hearing, ProMed's emergency motion to remand is granted as unopposed.

ProMed also requested attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c) in connection with the motion to remand. ECF No. 6. "[C]ourts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking

removal. . . ." *Garmong v. Maupin (In re Garmong)*, 2023 U.S. App. LEXIS 26947, *2 (9th Cir. 2023). "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). Based on the parties' arguments and explanations at the hearing, I determined that removal was not so objectively unreasonable as to warrant awarding fees based on what defendant knew and believed at the time it removed. Consequently, the motion for attorney's fees is denied.

II.     Conclusion

IT IS THEREFORE ORDERED that plaintiff's emergency motion to remand **[ECF No. 5] is GRANTED**.

IT IS FURTHER ORDERED that plaintiff's emergency motion for attorney's fees **[ECF No. 6] is DENIED**. The Clerk of Court is kindly instructed to remand this case to the Eighth Judicial District Court, Case No. A-24-884489-B, Department 22, to provide a copy of the docket, motion, response, and reply (ECF Nos. 5, 8, 10) to District Court Judge Susan Johnson, and to close this case.

Dated: February 13, 2024

_____
Cristina D. Silva
United States District Judge